WOOD v. WILSON. (No. 6941.)

(Supreme Court, Appellate Division, First Department. February 26, 1915.)

DISCOVERY (§ 31*)—EXAMINATION OF ADVERSE PARTY—TIME OF EXAMINATION
—JOINDER OF ISSUE.

> Plaintiff is not entitled to an examination of defendant as a party be-
> fore issue joined.
>
> [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 45; Dec. Dig.
> § 31.*]

Appeal from Special Term, New York County.

Action by Otis F. Wood against Rose O'Neill Wilson. From an order denying the motion of Rose O'Neill Wilson to vacate an order for her examination, she appeals. Reversed.

Argued before CLARKE, LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

William W. Corlett, of New York City, for appellant.

Kelley & Becker, of New York City, for respondent.

PER CURIAM. It is obvious that the plaintiff has all the knowledge necessary to enable him to frame a complaint. After issue joined he may be entitled to examine the defendant as a party; but such an examination is not authorized before issued joined.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

———————

BARUCH v. BUCKLEY et al. (No. 6867.)

(Supreme Court, Appellate Division, First Department. February 19, 1915.)

1. BILLS AND NOTES (§ 335*)—CONDITIONS—EFFECT OF.

> The maker and indorser of negotiable paper has the right to restrict
> its use, and one who takes with knowledge that it has been diverted from
> the condition under which it was delivered cannot recover.
>
> [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 817; Dec.
> Dig. § 335.*]

2. PRINCIPAL AND AGENT (§ 177*)—NOTICE TO PRINCIPAL.

> Notice of defects in a note, given to one who was plaintiff's agent both
> in accepting the note and paying the consideration, was binding on plain-
> tiff.
>
> [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 670–
> 679; Dec. Dig. § 177.*]

3. BILLS AND NOTES (§ 337*)—INDORSEMENT—GENUINENESS.

> That the maker of a note was a person of slight means, or was finan-
> cially embarrassed, is not notice to a purchaser that defendant's indorse-
> ment of the instrument was subject to conditions.
>
> [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 818, 856–
> 863; Dec. Dig. § 337.*]

4. BILLS AND NOTES (§ 335*)—INDORSERS—LIABILITY.

> Defendant indorsed a note on condition that it should not be nego-
> tiated until another indorser had been procured. The maker negotiated
> the instrument to plaintiff in defiance of the condition, at that time re-

———————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceiving part of the consideration in cash, part in the form of a draft, and part being retained by plaintiff to be thereafter paid. On the succeeding day the indorser informed plaintiff's agent that the instrument had been negotiated in defiance of the condition. The draft, delivered to the maker, had been obtained by paying in cash to a bank, which in turn obtained the draft from another bank. *Held* that, though plaintiff made no attempt to stop payment on the draft after notice, he could recover from the indorser the full amount of the draft, as well as the cash advanced, for the draft was not subject to his control, but plaintiff could not recover amounts advanced after notice.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 817; Dec. Dig. § 335.*]

Appeal from Trial Term, New York County.

Action by Hartwig N. Baruch against Richard W. Buckley and James H. Stack. From a judgment for plaintiff, the last-named defendant appeals. Affirmed.

See, also, 151 N. Y. Supp. 1103.

The opinion of Page, J., is as follows:

This is an action brought by the plaintiff as holder in due course of a promissory note for $3,000 made by the defendant Richard W. Buckley, payable to his own order, and indorsed by the defendant James H. Stack. Stack alone is defending the action, upon the ground that he indorsed the note for the accommodation of Buckley before any date had been placed upon it, and delivered the uncompleted note to Buckley upon condition that it should not be negotiated until he had obtained the signature of another good indorser, and that later, before the note was negotiated, he notified Buckley not to use it upon any condition and demanded its return, which Buckley promised to do. He alleges that Buckley, contrary to his express' instructions, filled in the date of the note and negotiated it to the plaintiff, who, he alleged, had full knowledge of the facts and of the infirmity of the note.

Upon the trial it appeared that Buckley took the note to one Richard Lydon, an attorney, and requested him to cash it in order to enable Buckley to consummate a business transaction in Mexico. Buckley went with Lydon to see the plaintiff, a client of Lydon, and Lydon persuaded the plaintiff to cash the note, assuring him that Stack, the indorser, was a responsible man. The plaintiff directed Lydon to cash the note for Buckley out of funds belonging to the plaintiff which were then in Lydon's possession. Lydon drew $2,540 of the plaintiff's money from the bank, and at Buckley's request gave to Buckley $540 in cash and obtained a draft upon a Mexican bank for $2,000, which Buckley took with him and departed for Mexico, receiving before he left Lydon's promise to send him $460, the balance of the purchase price of the note, by money order to Mexico whenever Buckley should request it. On the afternoon of this day Lydon wrote a letter to Stack, informing him that the note had been negotiated to the plaintiff, his client. The next day Stack telephoned Lydon and told him that he had indorsed the note and delivered it to Buckley on condition that it should not be used without another indorser. Stack says that he also told Lydon he had instructed Buckley not to use the note at all. This is denied by Lydon. No attempt was made to stop payment of the draft which Buckley had taken with him, and some time later, at Buckley's request, Lydon sent him $460, the balance due on the note. No notice of any of these facts was ever given to the plaintiff in person. On the due date the note was not paid and was protested, and due notice of protest given to the defendant Stack.

[1] The maker or indorser of negotiable paper has the right to impose limitations restricting its use, and any one who takes it, with full knowledge that it has been diverted from the use or condition under which it was delivered, cannot recover upon it. Benjamin v. Rogers, 126 N. Y. 60, 26 N. E. 970; U. S. Nat. Bank v. Ewing, 131 N. Y. 506; 30 N. E. 501, 27 Am. St. Rep. 615. The

note in suit was delivered to Buckley upon condition that it should not be used unless another indorser were obtained. It was negotiated in violation of that condition.

[2] The principal question, therefore, is whether the plaintiff had or was chargeable with notice of the condition before the consideration for the note had been paid. In determining this question, any notice which was given to Lydon during the course of the transaction must be imputed to the plaintiff, for Lydon was the plaintiff's agent, both in accepting the note and paying the consideration, and there is no claim of collusion between him and Buckley for the purpose of defrauding the plaintiff.

[3] The note was regular upon its face, and the genuineness of the indorsement was admitted. The fact that Lydon may have known of Buckley's impecunious circumstances was not enough to place him upon inquiry as to the nature of the indorsement, for a man is entitled to rely upon an indorser whom he knows to be good, even though the instrument be presented by or payable by or to one who is in poor circumstances, and no special duty to inquire into the conditions of its delivery is created by that fact. There is nothing in the case to charge Lydon or the plaintiff with knowledge of the condition upon which the note was indorsed until the telephone message between Stack and Lydon the day after the note was negotiated, in which Stack informed Lydon that the note was not to be used by Buckley until after he had obtained another indorser.

[4] At the time when Lydon received this notice he had given to Buckley $540 in cash and a draft of the National Bank of Commerce for $2,000, drawn upon a Mexican bank to the order of R. W. Buckley. This draft was obtained by paying $2,000 in cash to the Fulton Trust Company of New York City, who in turn obtained the draft from the National Bank of Commerce. It is claimed on behalf of the defendant that there was ample time for Lydon to stop payment of the draft, and he was under a duty so to do upon learning of the infirmity in the note. It is conceded that no attempt to stop payment was made. Had the instrument been an ordinary one, drawn by the plaintiff or his agent upon a bank in New York or elsewhere, their duty to do all within their power to stop payment upon it after receiving notice of the diversion would have been clear. Crandall v. Vickery, 45 Barb. 156. But the draft issued to Buckley was not their draft. It was drawn by the National Bank of Commerce to Buckley's order, upon payment to it of sufficient funds. The bank entered into a direct obligation to Buckley, and there remained no power in either Lydon, the plaintiff, or the Fulton Trust Company to stop payment of the draft. The law will not require of a man that which he has no power to perform. I am constrained to hold, therefore, that upon the delivery to Buckley of the $540 cash and the draft of $2,000 the plaintiff had made an irrevocable payment to the extent of $2,540 toward the agreed consideration of $3,000, and to that extent he is a bona fide purchaser for value without notice of the diversion of the note by Buckley, and is entitled to recover the amount so paid, with interest. It is clearly established, however, that after receiving notice from Stack of Buckley's diversion the plaintiff's agent, Lydon, caused to be issued an express money order to Buckley for $460, the balance of the agreed consideration. As this payment was made after notice of the infirmity, plaintiff cannot recover it.

Judgment for plaintiff for $2,540, with interest. Settle findings in accordance with this memorandum. Order signed and ordered on file.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

H. M. Hitchings, of New York City, for appellant.

R. L Redfield, of New York City, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of Page, J. Order filed.